IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1349-D |
| | ) | |
| WILLIAM BARLOW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell on November 16, 2011 [Doc. No. 6]. Judge Purcell recommends that Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be denied, and that this action be dismissed without prejudice unless Plaintiff pays the full $350 filing fee within 20 days. This recommendation is based on findings that Plaintiff is subject to filing restrictions under the "three strikes" provision of § 1915(g). Plaintiff, who appears *pro se*, has filed a timely objection. Thus, the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon consideration of Plaintiff's *pro se* filing, which is liberally construed, the Court discerns the sole objection is a contention that Plaintiff has not accumulated three dismissals that qualify as "prior occasions" or strikes under § 1915(g).[1] Plaintiff does not dispute Judge Purcell's

---

[1] Plaintiff also requests permission to pay the filing fee in installments. However, payment of a filing fee in this manner is authorized only by 28 U.S.C. § 1915(b) and (c), and is not available when § 1915(g) applies.

findings that he has previously filed four cases under 42 U.S.C. § 1983 in this judicial district and the Northern District of Texas that were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  However, "Plaintiff asserts that he has never been assessed with 'three strikes.'" *See* Pl.'s Objection [Doc. No. 7] at 2.  He also "disputes whether those dismissals were properly classified" and whether such classifications would be "invalid under Feathers v. McFaul, 274 Fed Appx 467, 479." *See id.*

Upon *de novo* consideration of court records, the Court finds that Judge Purcell is entirely correct.  The two dismissals in this district identified by Judge Purcell each involved an assessment of a "strike."  In dismissing *Woodson v. Garfield County Sheriff*, Case No. CIV-05-778-T (W.D. Okla. Aug. 23, 2005), Judge Thompson adopted Judge Purcell's finding that Plaintiff's amended pleading failed to state a claim for relief, and adopted a recommendation that the action should be dismissed under 28 U.S.C. § 1915A and § 1915(e)(2)(B).  Judge Purcell expressly notified Plaintiff in that case "that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A or §1915(e)(2)(B) constitutes one 'strike' pursuant to 28 U.S.C. §1915(g)."  See *Woodson v. Garfield County Sheriff*, Case No. CIV-05-778-T, Rep. & Recom. at 8 (W.D. Okla. Aug. 11, 2005) (Purcell, M.J.).  Similarly, Judge Thompson's order of dismissal in *Woodson v. Garfield County Sheriff's Dep't*, Case No. CIV-05-1204-T (W.D. Okla. Dec. 28, 2006), expressly stated that "this dismissal counts as a 'strike' or prior occasion in accordance with 28 U.S.C. § 1915(g)."  Plaintiff did not appeal either dismissal.  Upon the waiver of further review, each dismissal counts as a strike.  *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *see also Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011).

Further, the court of appeals has rejected Plaintiff's apparent position that the dismissals of his § 1983 cases in the Northern District of Texas should not be counted because no "strike" was

assessed when the cases were dismissed. According to the Tenth Circuit, "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011). A dismissal, even one without prejudice, "'counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.'" *Id.* (quoting *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999)). The judgment in *Woodson v. Casasanta*, Case No. 2:96-CV-0049 (N.D. Tex. Nov. 19, 1998), stated that Plaintiff's civil rights claims were dismissed as frivolous and for failure to state a claim for relief. Similarly, the judgment in *Woodson v. McLeod*, Case No. 2:96-CV-0098 (N.D. Tex. Dec. 8, 1998), stated that Plaintiff's civil rights complaint in that case was dismissed as frivolous. Like the dismissals in this Court, Plaintiff took no appeal in either case. Therefore, these dismissals also count as strikes.

Finally, Plaintiff's reliance on *Feathers v. McFaul*, 247 F. App'x 467 (6th Cir. 2008), is misplaced. The Sixth Circuit held in that case that a dismissal for failure to exhaust administrative remedies may, or may not, be a dismissal for failure to state a claim that would qualify to be counted under § 1915(g). This holding does not assist Plaintiff in this Court, which is bound by Tenth Circuit precedent. The Tenth Circuit recently held in *Strope v. Cummings*, 653 F.3d 1271, 1274 (10th Cir. 2011), that a case dismissed for failure to state a claim due to a prisoner's failure to plead exhaustion of remedies, as required by *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), would count as a strike if the dismissal became final before *Steele* was subsequently overruled by *Jones v. Bock*, 549 U.S. 199, 212-13 (2007). Although Judge Thompson dismissed *Woodson v. Garfield County Sheriff's Dep't*, Case No. CIV-05-1204-T, for failure to state a claim based on Plaintiff's failure to plead exhaustion of administrative remedies, the dismissal occurred in 2006 and Plaintiff did not appeal. Thus, the dismissal counts as a strike under *Strope.*

3

Moreover, Plaintiff has accumulated three strikes even if the dismissal of Case No. CIV-05-1204-T is not counted.

Therefore, the Court finds that Judge Purcell correctly concludes that Plaintiff has at least three "prior occasions" or strikes, and is subject to the restriction of § 1915(g) with respect to any further § 1983 action that he seeks to file *in forma pauperis*. Accordingly, Plaintiff's motion to proceed *in forma pauperis* must be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is ADOPTED. Plaintiff's motion to proceed *in forma pauperis* [Doc. No. 2] is DENIED. Plaintiff shall pay the filing fee for this action in the amount of $350.00 within 21 days from the date of this Order. Failure to make full payment by that date will result in the dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 21st day of December, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE