IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

MARCUS WOODSON,            )
                           )
    Plaintiff,              )
                           )
                           )    CIV-11-1349-D
v.                         )
                           )
WILLIAM BARLOW, et al.,     )
                           )
    Defendants.             )

SUPPLEMENTAL REPORT AND RECOMMENDATION

In his Amended Complaint (Doc. # 14) brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges that correctional officials at the Davis Correctional Facility ("DCF"), the private prison in Oklahoma where Plaintiff is confined, violated his constitutional rights and his rights under the Americans with Disabilities Act and Religious Land Use and Institutionalized Persons Act ("RLUIPA"). His multiple claims include allegations of deliberate indifference to his serious medical needs, unconstitutional conditions of confinement, refusal to accommodate his disabilities, due process deprivation of personal property, deliberate indifference to his safety needs, unconstitutional retaliation for use of grievance procedures, First Amendment violations of his right to correspond with others and right to receive outside publications, First Amendment violation of his right to freely exercise

1

his chosen religion, and "breach of contract."

Before the undersigned Magistrate Judge[1] is the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (Doc. # 15) filed January 17, 2012. In his Motion, Plaintiff seeks a temporary restraining order ("TRO") and/or a preliminary injunction "to ensure that his health and safety is [sic] assured and that he recieves [sic] proper medical care." Motion, at 1. Plaintiff has not served either his Motion or his supporting "Declaration . . . ." (Doc. # 16) upon Defendants, and he appears to be seeking a temporary restraining order without notice pursuant to Fed.R.Civ.P. 65(b)(1).

To be entitled to a TRO under this provision, Plaintiff must demonstrate "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). In a "Declaration in Support of [his] Motion for Temporary Restraining Order and Preliminary Injunction," Plaintiff states that he is entitled to a TRO requiring Defendants to "single cell the plaintiff and arrange for him to be examined by a back specialist and obtain a plan of treatment by this specialist, and to a preliminary injunction requiring the defendants to carry out that treatment." Plaintiff's "Declaration . . . ." (Doc. # 16), at 2. Plaintiff also states that he is entitled to a TRO and preliminary injunction "to prevent retaliation or attack to plaintiff's life . . . and that the defendants refrain from destroying plaintiff's legal work and documents, which they have

---

[1]The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

done once and are threatening to do again . . . ." Id. at 1.

The Plaintiff's "Declaration . . ." and attached documentary evidence fail to demonstrate that immediate and irreparable injury to Plaintiff is about to occur. Plaintiff's allegations of imminent physical harm are speculative. He contends that he has a back impairment causing him pain for which medical treatment has been denied or delayed and that he is exposed to other violent inmates. As factual support, Plaintiff relies solely on the report of a magnetic resonance imaging ("MRI") test of his lumbar spine, which indicates the MRI test was conducted at a hospital in October 2011. The physician who interpreted the MRI test indicated in the report that Plaintiff's lumbar spine shows "a central disc protrusion impressing upon the thecal sac resulting in mild focal spinal stenosis." "Declaration . . .", att. 1. Plaintiff does not allege in what respect the care he is receiving at the institution is inadequate, and he fails to provide facts sufficient for the Court to fashion appropriate relief under Rule 65(d).

To obtain a preliminary injunction, Plaintiff must establish that four factors weigh in his favor: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009); *see also* Fed.R.Civ.P. 65; Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). "If the plaintiff can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the

requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Davis v. Mineta, 302 F.3d 1104, 1111 (10th Cir. 2002)(quotation omitted).

"[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Moreover, the purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held," Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981), and, therefore, "injunctions that disrupt the status quo are disfavored and must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Beltronics, 562 F.3d at 1070 (quotation omitted). A preliminary injunction "grant[s] intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.

Plaintiff's Motion does not seek to preserve the status quo. Rather, Plaintiff seeks mandatory relief directing Defendants to take action to provide him with additional measures of medical treatment outside of the prison and a "single cell." However, Plaintiff has not demonstrated that he will suffer irreparable injury without the entry of an injunction or that his threatened injury will outweigh the injury the Defendants will suffer under the requested injunction or that entry of the injunction would not be adverse to the public interest,

4

particularly since he seeks injunctive relief in part in the form of medical treatment outside of the prison that would necessarily impact the public treasury. In his Amended Complaint, Plaintiff complains that the medical treatment he has received is inadequate because "non-medical staff [had made] medical decision regarding plaintiff['s] treatment and care . . ." and that he is "not . . . able to protect or defend himself for fear of permanent injury or life long paralyzation . . . ." Amended Complaint, at 7. These allegations are too vague to show irreparable harm or the remaining factors necessary to warrant mandatory intermediate relief under the heightened burden recognized for such relief in RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208-1209 (10th Cir. 2009). Accordingly, Plaintiff's Motion seeking a TRO and/or preliminary injunction should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction (Doc. #15) be DENIED. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by    May 3rd, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   13th   day of    April   , 2012.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE