IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCUS D. WOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-11-1349-D |
| v. | ) | |
| | ) | |
| WILLIAM BARLOW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice for lack of venue.

Plaintiff is in the custody of the Oklahoma Department of Corrections ("DOC") serving a term of imprisonment, and he is confined at Davis Correctional Facility ("DCF"), a private prison located in Holdenville, Oklahoma. Plaintiff filed his original Complaint in this action on November 10, 2011. Because Plaintiff had previously garnered three or more "strikes" under 28 U.S.C. § 1915(g) prior to the filing of his Complaint and he failed to allege facts sufficient to meet the requirements of § 1915(g) for proceeding *in forma pauperis*, Plaintiff's Motion for Leave to Proceed In Forma Pauperis was denied. (Docs. #6, 8). Thereafter, Plaintiff paid the filing fee and filed an Amended Complaint. On February

1

22, 2012, at Plaintiff's request, summons was issued as to each Defendant by the Clerk of the Court and mailed to Plaintiff for completion of service of process. (Doc. # 21). Plaintiff filed two notices with the Court on February 28, 2012, and March 2, 2012, in which he states that he mailed a summons to each of the Defendants through the DCF internal mail system. No returns of service have been filed in the case.

In his Amended Complaint filed January 17, 2012 (Doc. # 14), Plaintiff has named as Defendants 13 individuals who are DCF employees and a physician who is presumably an independent contractor providing medical services to inmates at DCF. Plaintiff has also named as Defendants the Corrections Corporation of America ("CCA"), which is the Tennessee-based corporate entity that owns and operates DCF, and Mr. Hinnerger, who is identified as the chief executive officer of CCA and who is presumably a Tennessee resident.[1]

Defendants have collectively filed a Motion to Dismiss and/or Transfer seeking dismissal of the action under Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process and under Fed.R.Civ.P. 12(b)(3)[2] for improper venue. Alternatively, Defendants seek an order transferring the action to the United States District Court for the Eastern District of

---

[1]In his Pro Se Litigant's Request for Issuance of Summons, Plaintiff identified CCA's corporate headquarters in Nashville, Tennessee as the proper place for service of process upon Defendants CCA and Hinnerger. (Doc. # 20).

[2]Defendants actually base their Motion seeking dismissal of the action for improper venue upon 28 U.S.C. § 1915(e). However, because 28 U.S.C. § 1915(e) only applies to actions filed *in forma pauperis*, this provision does not apply to this action. The Motion is construed to seek dismissal under Fed.R.Civ.P. 12(b)(3) due to improper venue.

Oklahoma.

In his 14-page handwritten, single-spaced Amended Complaint, Plaintiff alleges that Defendants violated various constitutional rights and his rights under the Americans with Disabilities Act ("ADA") and Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In 17 separate grounds for relief, each with multiple subdivisions, Plaintiff alleges a multitude of constitutional and federal statutory deprivations, including allegations of deliberate indifference to his medical needs at DCF, unconstitutional conditions of confinement at DCF, DCF officials' refusal to provide accommodations for his disabilities, a due process deprivation of his personal property at DCF, DCF officials' deliberate indifference to his safety needs, DCF officials' unconstitutional retaliation for his use of grievance procedures, First Amendment violations of his right to correspond with others and right to receive outside publications at DCF, First Amendment violations by DCF officials of his right to freely exercise his chosen religion, and "breach of contract."

Title 42 U.S.C. § 1983 does not contain a venue provision. Thus, the Court must determine the propriety of venue by resorting to the general venue statute, 28 U.S.C. § 1391. Pursuant to 28 U.S.C. § 1391(b), which is founded on federal question jurisdiction, a civil action may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of property that is the subjective of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. According to Plaintiff, all but two of the Defendants named in the Complaint are employees of DCF or independent contractors of DCF, which is located within the confines of the Eastern District of Oklahoma. 28 U.S.C. § 116(b), for venue purposes. According to Plaintiff, the remaining two Defendants are headquartered in or reside in Tennessee.

Plaintiff's Amended Complaint does not qualify under any of the prongs of § 1391 as properly filed in this Court. None of the Defendants reside within the confines of this Court for venue purposes. In his responsive pleading, Plaintiff asserts that his cause of action is properly filed in this Court because DCF operates under a contract with DOC to house Oklahoma prisoners. However, this fact does not alter the conclusion that venue for his action, which is entirely based on incidents arising at DCF and involves only Defendants residing outside of this judicial district, is improper in this Court.

Where an action is filed in the incorrect venue, 28 U.S.C. § 1406(a) provides that the Court may *sua sponte* "dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See United States v. Botefuhr, 309 F.3d 1263, 1274 n. 8 (10th Cir. 2002)(interpreting phrase "if it is in the interest of justice" in § 1406(a) to grant district court discretion to either transfer action or dismiss action without prejudice). Factors to be considered in determining whether to transfer or dismiss an action under § 1631 include (1) whether the new action would be time-barred; (2) whether the claims likely have merit; and (3) whether the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which plaintiff filed the action was improper. Trujillo v. Williams, 465 F.3d 1210, 1223 n.

4

16 (10th Cir. 2006). The financial burden of a second filing fee or having to redraft pleadings "are not the severe burdens that motivated the enactment of § 1406(a)." Witte v. Sloan, 250 Fed.Appx. 250, 254, 2007 WL 2818641, * 3 (10th Cir. Sept. 26, 2007)(unpublished order).

Unfortunately, many of Plaintiff's claims in his Amended Complaint are unaccompanied by specific allegations of the dates on which the alleged events or conditions occurred. Where Plaintiff does include specific allegations concerning dates, he alleges incidents occurring during 2011 or early 2012. These allegations do not indicate that a statute of limitations bar would preclude Plaintiff from raising these claims in a new action.[3] Without considering the merits of the multitude of claims set forth in the Amended Complaint, it appears that Plaintiff could reasonably have believed, although mistakenly, that CCA's contract with DOC provided a sufficient basis for filing the action in the Western District because DOC's main office is in Oklahoma City, Oklahoma, within the confines of this Court. See Complaint, at 1. Thus, the undersigned finds that a transfer of the action to the proper court, rather than a dismissal of the action without prejudice, would further the interests of justice. Accordingly, Defendants' Motion to Dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5) on the basis of improper venue should be DENIED, and the action should be transferred to the United States District Court for the Eastern District of Oklahoma.

---

[3]In count six, he alleges a specific incidence of deliberate indifference to his serious medical needs beginning February 25, 2011, and in count seven he alleges a specific incidence of deliberate indifference to his safety needs occurring on January 2, 2012. In count eight, he alleges a specific incident of deliberate indifference to his medical needs occurring on April 12, 2011, and in count nine he alleges a specific incident of deliberate indifference to his safety needs occurring on September 26, 2011. In count thirteen, he alleges a specific incident occurring on November 1, 2011, in support of his First Amendment claim alleged therein.

5

With respect to Defendants' Motion to Dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3) on the basis of improper service of process, the Motion should be denied without prejudice to allow Defendants to assert the issue before the proper court following transfer of the instant action.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss be DENIED with respect to Defendants' Motion seeking dismissal of the action pursuant to Fed.R.Civ.P. 12(b)(3) on the basis of improper venue and that the action be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a). Further, it is recommended that Defendants' Motion to Dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5) on the basis of insufficient service of process be DENIED without prejudice to renewal of the Motion following transfer of the action to the proper court.

Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by _____May 30th_____, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __10th__ day of __May__, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE