# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCUS D. WOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-256-JHP-SPS |
| ) | |
| WILLIAM BARLOW, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On November 10, 2011, Plaintiff, appearing *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, in the Western District of Oklahoma. Dkt. # 1. On November 16, 2011, a magistrate judge recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that this matter be dismissed unless the Plaintiff paid the $350.00 filing fee within twenty (20) days from the date of any order adopting the report and recommendation. Dkt. # 6. On December 21, 2011, an Order was entered adopting that report and recommendation. Dkt. # 8. Thereafter, on January 10, 2012, the plaintiff tendered the filing fee to the Western District Court Clerk. Dkt. # 9. Additionally, on January 10, 2012, the plaintiff filed a Motion to Amend his complaint. Dkt. # 10. On January 17, 2012, Magistrate Judge Gary Purcell entered an order requiring a special report to be filed within "sixty (60) days of service of process on the first Defendant" and granting the plaintiff's motion for leave to file an amended complaint on the proper form. Dkt. # 12. On January 17, 2012, an amended complaint was filed. Dkt. # 14. On February 10, 2012, the plaintiff

filed a Motion for Enlargement of Time of twenty (20) days in which he advised the court of difficulties in complying with the court's order of January 17, 2012. Dkt. # 18. Plaintiff's motion for enlargement of time was granted on February 13, 2012, and Plaintiff had until "March 5, 2012 to file an Amended Complaint, as directed by and in compliance with the Order entered January 17, 2012." Dkt. # 19. On February 21, 2012, the plaintiff requested the clerk to issue 16 summons(es). Dkt. # 20. Plaintiff's request for issuance of summons indicated that "USM" would be the service agent. The summons were, however, issued on February 22, 2012 and mailed to the plaintiff for service of process. Dkt. # 21. On February 28, 2012, the plaintiff filed in the court a pleading with a heading "Proof of Service" which indicates on February 23, 2012, the plaintiff mailed a summons to defendants 1) CCA Corporate Headquarters in Nashville, Tennessee; 2) J.W. Martin; 3) Jo Cartwright; 4) Tim Wilkerson and Robert Ezell; 5) Cole Goodson; 6) Lesa Grizzle; 7) Marty Garrison; 8) William Barlow; 9) Rebecca Adams; 10) Kathy Miller; and 11) Sgt. Riddle through the DCF Internal mail system and/or the prison internal mail system. This pleading also indicates that Plaintiff mailed in the United States Mail on February 24, 2012, a summons to Damon Hinnerger at CCA Headquarters in Nashville, Tennessee. Thereafter, on March 2, 2012, the plaintiff sent a letter to the clerk of the court with a sworn affidavit which purported to establish that all sixteen defendants had been served. In addition to his sworn affidavit, the plaintiff submitted a "Proof of Service" form for 1) Stacy Young; 2) March Rieheld; 3) Brian Wideman; 4) Ken Williamson indicating they were served by C.O. Nancy King through the internal mail system on February 29, 2012. The affidavit indicates that the plaintiff took "10

2

envelopes containing summons" and mailed them to various individuals in the prison mail system and two letters addressed to Damon Hinnerger and CCA-Corporate were placed in the outgoing prison mail box.

On April 4, 2012, Darrell Moore filed an entry of appearance of behalf of 14 named defendants, to-wit: CCA, Wilkinson, Martin, Wideman, Williamson, Barlow, Cartwright, Young, Miller, Riddle, Hinnerger, Goodson, Rieheld, Grizzle, and Garrison. Dkt. # 24. Simultaneously, counsel filed a Motion to Dismiss and/or Transfer in which counsel stated he was making a "special appearance[1] for the limited purpose of requesting that this Court dismiss this action, under authority of F.R.C.P. 12(b)(5), for the reason of insufficiency of service of process and/or under the authority of 28 U.S.C. § 1915(3) for Plaintiff's having brought the action in an inappropriate venue." Dkt. # 25. On May 10, 2012, the magistrate judge recommended that the action be transferred to the Eastern District of Oklahoma and denial of the motion to dismiss without prejudice to renewal of the Motion following transfer of the action to the Eastern District of Oklahoma. Dkt. # 32. On May 29, 2012, an order was entered adopting the magistrate's report and recommendation and transferring the case to the Eastern District of Oklahoma. Dkt. # 34.

On June 12, 2012, the magistrate judge ordered plaintiff to show cause why the action should not be dismissed for failure to serve the defendants. Dkt. # 37. This matter is now before the court following Plaintiff's Response to a Show Cause Order regarding why this

---

[1] Since the advent of Fed.R.Civ.P. 12(b), the distinction between general and special appearances in federal practice has been abolished. *Investors Royalty Co. v. Market Trend Survey*, 206 F.2d 108 (10th Cir. 1953).

action should not be dismissed for failure to serve the defendants in accordance with Fed.R.Civ.P. 4. Plaintiff submits he has properly served the defendants. The pleadings in the case, however, do not establish that the plaintiff has properly served any of the defendants.

Rule 4(c) of the Federal Rules of Civil Procedure requires that a summons be served with a copy of the complaint. Additionally, the Order entered on January 17, 2012, required the plaintiff to serve not only the summons and the amended complaint, but also a copy of the order requiring a special report. Nothing in the pleadings submitted by the plaintiff indicates that a copy of the amended complaint or the court's order was sent with each of the summons. Further, while the plaintiff could have, pursuant to Rule 4(d)(1) requested that the defendants waive service, nothing within the pleadings filed in this court indicates that plaintiff attempted to obtain a waiver of service from any of the defendants. While *pro se* litigants pleadings are to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is not the court's function to become an advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). *Pro se* litigants must follow the same rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), including Rule 4's requirements for the service of a summons and complaint. *Cf. Jones v. Frank*, 973 F.2d 872 (10th Cir. 1992).

Plaintiff was advised, on January 17, 2012, that failure to timely file proof of service could result in dismissal of the action. Dkt. # 12. Furthermore, after the defendants raised the issue of improper service and this case was transferred to this court, the Plaintiff was

4

again advised, on June 12, 2012, that the action was subject to dismissal for failure to serve the defendants within 120 days of the filing of the complaint. Plaintiff made no further attempts to obtain proper service on the defendants, even though the motion to dismiss filed by the defendants advised the plaintiff what was required to effectuate service in the State of Oklahoma.[2] Based upon the Plaintiff's failure to obtain proper service upon any of the defendants, this Court hereby finds this action should be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m).

It is so ordered on this _28th_ day of March, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[2] *See*, 12 O.S. § 2004.